**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

JAMES R. GOFF,

       Petitioner,

    v.                        **Case No. 1:02-cv-307**
                                    **JUDGE JAMES L. GRAHAM**
MARGARET BAGLEY, Warden,      **Magistrate Judge Terence P. Kemp**

       Respondent.

<u>**ORDER**</u>

Final judgment dismissing Petitioner's capital habeas corpus petition was entered by this Court on December 1, 2006. (ECF No. 72.) On April 7, 2010, the United States Court of Appeals for the Sixth Circuit issued a decision finding meritorious Petitioner's claim of ineffective assistance of appellate counsel for failing to raise a claim challenging the denial of Petitioner's right to allocute before sentencing and directing that a conditional writ of habeas corpus issue unless the State of Ohio reopened Petitioner's direct appeal within 120 days. This matter is before the Court upon Petitioner's motion to continue the appointment of counsel. (ECF No. 99.)

Representing Petitioner are counsel David Graeff and W. Joseph Edwards. Counsel for Petitioner have successfully reopened Petitioner's direct appeal to the Ohio Court of Appeals for Clinton County and are awaiting a scheduling order from that court. According to the motion, Petitioner wants current counsel to continue to represent him in the state appellate court because that action is directly related to the habeas corpus proceedings that counsel have litigated on Petitioner's behalf. Petitioner states that Sixth Circuit CJA budgeting attorney Robert Ranz "has communicated that this [C]ourt can issue an order to continue the appointment which would

allow Counsel to continue the billing through the CJA fund as the case proceedings through the state courts. (ECF No. 99, at 3.)

The issue before the Court is whether 18 U.S.C. § 3599(e) authorizes the appointment of Petitioner's federal habeas counsel to represent Petitioner on his reopened direct appeal of right. The Court concludes that it does not. Section 3599(a)(2) provides for the appointment of counsel for indigent defendants sentenced to death in order to pursue habeas corpus relief pursuant to 28 U.S.C. § 2254. Section 3599(e) goes on to provide:

> Unless replaced by similarly qualified counsel upon the attorney's own motion or upon motion of the defendant, each attorney so appointed shall represent the defendant throughout every subsequent stage of available judicial proceedings, including pretrial proceedings, trial, sentencing, motions for new trial, appeals, applications for writ of certiorari to the Supreme Court of the United States, and all available post-conviction process, together with applications for stays of execution and other appropriate motions and procedures, and shall also represent the defendant in such competency proceedings and proceedings for executive or other clemency as may be available to the defendant.

18 U.S.C. § 3599(e).

In *Harbison v. Bell*, the Supreme Court held that "§ 3599(e) authorizes federally appointed counsel represent their clients in state clemency proceedings and entitles them to compensation for that representation." *Harbison*, 129 S.Ct. at 1491. The Supreme Court explained that "[u]nder a straightforward reading of the statute, subsection (a)(2) triggers the appointment of counsel for habeas petitioners, and subsection (e) governs the scope of appointed counsel's duties." *Harbison*, 129 S.Ct. at 1486. Agreeing with the Government that appointed counsel is not expected to provide each of the services enumerated in subsection (e), the Supreme Court explained, however, that "that limitation does not follow from the word 'available'; it follows from the word 'subsequent' and the organization of subsection (e) to

mirror the ordinary course of proceedings for capital defendants." *Harbison*, 129 S.Ct. at 1488. The Supreme Court then made clear that "counsel's representation includes only those judicial proceedings transpiring 'subsequent' to her appointment."

Relevant to the instant motion, *Harbison* included a significant factor limiting the circumstances under which § 3599(e) authorizes federally appointed counsel to represent a petitioner in state-court proceedings:  the otherwise unavailability of counsel.  In laying out the factual and procedural history, the Supreme Court specifically noted that Tennessee state law did not authorize the appointment of state public defenders for the purpose of pursuing state clemency.  *Harbison*, 129 S.Ct. at 1484.  Subsequently in its decision, the Supreme Court stated more forcefully that "subsection (a)(2) provides for counsel only when a state petitioner is unable to obtain adequate representation." *Id*. at 1488.

This Court cannot utilize § 3599(e) to authorize federal habeas counsel to represent Petitioner on his reopened direct appeal because state law clearly provides for the appointment of counsel for a direct appeal of right.  That being so, neither § 3599(e) nor the United States Supreme Court's *Harbison* decision authorizes this Court to extend federal funds to pay for that representation.  Petitioner states in his motion that he wants current habeas counsel to represent him in his reopened direct appeal because that appeal is directly related to the habeas corpus proceedings that they litigated on his behalf.  This Court sees no reason why those attorneys, David Graeff and W. Joseph Edwards, may not seek appointment in the state appellate court to represent Petitioner on his reopened direct appeal.  In short, § 3599(e) does not authorize the appointment of federal counsel under these circumstances.

For the foregoing reasons, the Court is constrained to **DENY** Petitioner's motion to

continue appointment of counsel (ECF No. 99.)

**IT IS SO ORDERED.**

Date: May 9, 2011 _____s/James L. Graham_____
James L. Graham
United States District Judge