IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

JAMES R. GOFF,

    **Petitioner,**

  v.                                      Case No. 1:02-cv-307
                                         JUDGE JAMES L. GRAHAM
MARGARET BAGLEY, Warden,       Magistrate Judge Terence P. Kemp

    **Respondent.**

## OPINION AND ORDER

      Final judgment dismissing Petitioner's capital habeas corpus petition was entered by this Court on December 1, 2006. (ECF No. 72.) This matter is before the Court upon Petitioner's second motion to continue appointment of counsel under U.S.C. § 3599. (ECF No. 102.) For the following reasons, the Court finds Petitioner's motion not well taken.

      On April 7, 2010, the United States Court of Appeals for the Sixth Circuit issued a decision finding meritorious Petitioner's claim of ineffective assistance of appellate counsel for failing to raise a claim challenging the denial of Petitioner's right to allocute before sentencing and directing that a conditional writ of habeas corpus issue unless the State of Ohio reopened Petitioner's direct appeal within 120 days. Petitioner thereafter filed a motion asking this Court to continue appointment of Petitioner's habeas corpus counsel for the purpose of litigating the motion to reopen Petitioner's direct appeal in state court. (ECF No. 99.) On May 9, 2011, this Court issued an order denying Petitioner's request, explaining that "neither § 3599(e) nor the United States Supreme Court's *Harbison* decision authorizes this Court to extend federal funds to pay for that representation" where the state petitioner is otherwise able to obtain adequate representation. (ECF No. 101, at 3.) In *Harbison v. Bell*, 556 U.S. 180, 129 S.Ct. 1481, 1491

(2009), the Supreme Court held that "§ 3599(e) authorizes federally appointed counsel represent their clients in state clemency proceedings and entitles them to compensation for that representation."

Counsel for Petitioner–David Graeff and W. Joseph Edwards–are now before the Court with a second motion to continue appointment of counsel. (ECF No. 102.) The motion advances two reasons why this Court erred in concluding that *Harbison* did not authorize it to extend § 3599 funds for the purpose of federal habeas counsel representing Petitioner in the reopening of his state direct appeal. First, according to Petitioner, *Harbison*'s limitation exempting § 3599 funds from proceedings in which the state provides for appointment of counsel applies only to new trials or retrials. (ECF No. 102, at 6.) Petitioner's second argument is that his reopening proceeding is analogous to moving for a new trial–a proceeding that § 3599(e) clearly states is within the scope of appointed habeas counsel's representation. Petitioner's interpretation of *Harbison* is incorrect and neither argument is availing.

A reading of the entire portion of *Harbison* that Petitioner cites in support of his arguments actually defeats those arguments. In refuting the Government's argument that *Harbison* would require a lawyer who succeeded in obtaining federal habeas relief to represent the client in the ensuing state retrial, the Supreme Court explained:

> We do not read subsection (e) to apply to state-court proceedings that follow the issuance of a federal writ of habeas corpus. When a retrial occurs after post-conviction relief, it is not properly understood as a "subsequent stage" of judicial proceedings but rather as the commencement of new judicial proceedings. Moreover, subsection (a)(2) provides for counsel only when a state petitioner is unable to obtain adequate representation. States are constitutionally required to provide trial counsel for indigent defendants. Thus, when a state prisoner is granted a new trial following § 2254 proceedings, his state-furnished representation renders him ineligible for § 3599 counsel until the commencement of new § 2254 proceedings.

2

*Harbison*, 129 S.Ct. at 1488. The Supreme Court's reference in *Harbison* to a new trial or retrial was in response one of the Government's arguments. No reasonable reading of *Harbison* leads to the conclusion that *Harbison*'s prohibition against extending § 3599 funds to subsequent state proceedings for which state law provides for adequate representation applies only to new trials. Petitioner's attempt to analogize the re-opening of his direct appeal to a motion for a new trial, rather than a retrial, is equally unavailing because *Harbison* clearly closes the door on extending § 3599 funds for state-court proceedings in which Petitioner can obtain state-funded representation.

In *Irick v. Bell*, 636 F.3d 289 (6th Cir. 2011), the Sixth Circuit addressed an appeal from the district court's decision granting continued appointment of counsel to pursue state clemency but denying continued appointment of counsel to pursue a writ of *error coram nobis* (based upon evidence discovered during federal habeas proceedings), the reopening of state postconviction proceedings, and competency-to-be-executed proceedings. The Sixth Circuit affirmed the district court's decision, explaining that "[a]bsent clear direction from the United States Supreme Court or Congress, we decline to obligate the federal government to pay for counsel in state proceedings where the state itself has assumed that obligation." 636 F.3d at 291. *Harbison* and *Irick* squarely foreclose Petitioner's request to continue appointment of habeas counsel to pursue the reopening of Petitioner's state direct appeal.

In its May 9, 2011 order denying his first motion to continue appointment, this Court noted that state law clearly provides for the appointment of counsel for a direct appeal of right. Petitioner takes issue with the Court's conclusion, asserting that "the fact that state law provides for the appointment of counsel for a direct appeal as of right is immaterial because the reopening

3

of Goff's appeal is not a new appeal as of right." (ECF No. 102, at 7.) Counsel for Petitioner represent that they have successfully "reopened the Appellate proceedings in the Clinton County, Ohio Court of Appeals" and that "the case is currently pending before the state Appellate Court." (ECF No. 102, at 3.) There is authority for the position that once an indigent criminal defendant successfully reopens a direct appeal of right, he or she is entitled to the appointment of counsel to litigate that reopened appeal. *See, e.g., State v. Embry*, No. L-03-1114, 2005 WL 280213, at *1 (Ohio App. 6 Dist. Feb. 1, 2005). Nowhere in Petitioner's motion do counsel suggest that the state appellate court has refused to appoint them or compensate them. In the absence of that circumstance, this Court remains constrained from extending § 3599 funds for the purpose of habeas counsel pursuing the reopening of Petitioner's direct appeal.

For the foregoing reasons, the Court **DENIES** Petitioner's second motion to continue appointment of counsel (ECF No. 102.)

**IT IS SO ORDERED.**

Date: November 7, 2011                  s/James L. Graham
                                                       James L. Graham
                                                       United States District Judge